# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LeRoy K. Wheeler, | ) | |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Colby Braun, | ) | Case No. 1:09-cv-003 |
| | ) | |
| Respondent. | ) | |

Before the court is a "Motion to Correct the Record" filed by the petitioner, LeRoy K. Wheeler ("Wheeler"), on October 8, 2015. For the reasons set forth below, the undersigned recommends that the motion be dismissed.

## I.  BACKGROUND

In order to provide some context to the instant motion, the undersigned shall briefly summarize the procedural history of this action.

Wheeler initiated this action in September 2008 with the submission of a habeas petition pursuant to 28 U.S.C. § 2254. He asserted, amongst other things, that he had been denied his right to a meaningful appeal of his underlying conviction in State district court due to alleged alterations to the transcripts of his State court proceedings.

Respondent moved to dismiss Wheeler's petition. On June 8, 2010, after reviewing the parties' respective briefs in support of and opposition to respondent's motion, the undersigned issued a report recommending that the court grant respondent's motion and dismiss Wheeler's petition. Specifically, in regards to alleged alterations to the State court record, the undersigned opined:

Wheeler has failed to present any evidence to substantiate his assertions that the

1

transcript was rife with omissions or material inaccuracies and therefore unreliable. Wheeler's assertions regarding transcript alterations are based solely upon his recollection of the proceedings. He has not presented any evidence of the alleged transcript alterations sufficient to refute the presumption of correctness afforded by State law to a certified transcript. FN 9 "In the absence of obvious omissions or glaring inconsistencies in the trial transcript, it is more probable that the court reporter accurately reported the testimony given at the trial than that the court reporter made omissions or errors in the transcription of the testimony." Schell v. Schumacher 298 N.W.2d 474, 476 (N.D. 1980). Moreover, even if the court accepted the premise that there were problems with the transcripts, it is incumbent upon Wheeler to demonstrate that he was actually prejudiced by the alleged omissions and alterations of which he complains. Rust v. Zent, 17 F.3d 155, 161-162 (6th Cir.1994); see also United States v. Frady, 456 U.S. 152, 170 (1982) (opining that petitioner shoulders "the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions"). Where there is "strong evidence of a petitioner's guilt and a lack of evidence to support his claim," prejudice is not established. Rust v. Zent, 17 F.3d at162. A petitioner must show "a reasonable probability that the outcome of the trial would have been different." Mason v. Mitchell, 320 F.3d 604, 629 (6th Cir. 2003) (internal quotations omitted) (citing Strickler v. Greene, 527 U.S. 263 (1999)). Wheeler has made no such showing here.

(Doc. No. 40).

On June 29, 2010, the court adopted the undersigned's report and recommendation in its entirety over Wheeler's objection, granted respondent's motion, and dismissed Wheeler's petition. (Doc. No. 43). In so doing, it refused to issue Wheeler a certificate of appealability on the grounds that an appeal from the dismissal of his petition would be frivolous and could not be taken in good faith (Id.) The Eighth Circuit subsequently denied Wheeler's request for a certificate of appealability. (Doc. Nos. 47-48).

On October 8, 2015, almost five years after the court had dismissed his habeas petition, Wheeler filed the current motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. He asserts in relevant part the following:
Wheeler hereby shows that these transcripts have been deliberately altered, depriving Wheeler of a verbatim record of the state court proceedings and the due process of

2

> law, and the equal protection of the laws guaranteed by the U.S. Constitution in the 14th Amendment, of an adequate and effective appeal of the trial court errors in state court. This is also a fraud on this court by the presentation of these altered transcripts by the State of North Dakota justifying relief to Wheeler under F.R. Civ. P. 60(b)6) & (d)(3) . . . .
>
> * * *
>
> Wheeler is refiling for habeas corpus relief, however, there is a serious injustice being done to Wheeler if he cannot, prior to his filing, obtain corrected transcripts. Wheeler cannot effectively present his claims for relief in this Court with the intentionally altered transcripts that were presented to him denying due process which is straight out fraud on behalf of the State of North Dakota.

(Docket No. 49).

## II. DISCUSSION

As a threshold matter, the court must determine whether Wheeler's motion is properly construed as a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

"Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances." Ward v. Norris, 577 F.3d 925, 932 (8th Cir. 2009). "Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with AEDPA." Id. (citing Gonzalez v. Crosby, 545 U.S. 524, 529 (2005), 28 U.S.C. § 2254; and Fed. R. Civ. P. 81(a)). AEDPA imposes the following requirements on second or successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

Id. at 933 (quoting Gonzalez, 545 U.S. at 529-30); see also 28 U.S.C. § 2244(b). "Rule 60(b) creates an exception to the finality of a district court's judgment in a habeas proceeding, so that '[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.'" Id. (quoting Gonzalez, 545 U.S. at 533).

A Rule 60(b) motion is properly construed as a second or successive habeas petition under AEDPA if it presents a claim, that in this context is defined as a "a federal basis for relief from a state court's judgment" or an attack on the "federal court's previous resolution of the claim on the merits." Gonzalez, 545 U.S. 530, 532. "On the merits" refers "to a determination that there exist or does not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)." Id. at 532 n.4.

"No claim is presented if the motion attacks some defect in the integrity of the federal habeas proceedings." Ward, 588 F.3d at 933 (quoting Gonzalez, supra). "Likewise, a motion does not attack a federal court's determination on the merits if it 'merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" Id. (quoting Gonzalez, supra).

Here, Wheeler's Rule 60(b) motion is improper as it is not based on a procedural defect. Rather, it is apparent that he is seeking to advance a claim that not only challenges the validity of his underlying State court proceedings, but ostensibly seeks reconsideration of an issue that was considered and ultimately rejected by this court. His Rule 60(b) motion is therefore properly

4

construed as a second or second habeas petition. Id. at 935.[1]

This court lacks jurisdiction to consider a "second or successive" petition in the absence of preauthorization from the Eighth Circuit. E.g., Burton v. Stewart, 549 U.S. 147, 152-53 (2007). As Wheeler has not obtained preauthorization from the Eight Circuit for filing instant petition, the court must dismiss the petition without prejudice for lack of jurisdiction. See Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (concluding that a district court lacks jurisdiction to consider a successive petition filed without authorization from the appropriate court of appeals); see also 28 U.S.C. § 2244(b)(3)(A) ("Before second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

## III. RECOMMENDATION

Based on the foregoing, it is **HEREBY RECOMMENDED** that the court **DISMISS** Wheeler's "Motion to Correct the Record" (Docket No. 49) without prejudice.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

---

[1] Application of AEDPA aside, the Wheeler's request for relief is neither timely nor warranted under the circumstances. "Relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exception circumstances." Gill v. Wells, 650 Fed. App'x 809 (11th Cir. 2015) (internal quotation marks omitted); see also Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999). Generally, Rule 60(b) motions "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion." Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999). Notably, Wheeler has not made the requisite showing of exceptional circumstances to warrant invocation of Rule 60(b)(6). Moreover, the court cannot overlook the fact that Wheeler filed his Rule 60(b) motion almost five years after it dismissed his habeas petition.

Dated this 19th day of October, 2015.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court